UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JALEEL EVERSON,

      Plaintiff,

v.                                       Case No.:

SGT. J.N. SHOUSE,
Individually, in her official
capacity as an officer with the
Jacksonville Sheriff's Office,

and,

OFFICER FELIZ
Individually and in his official
capacity as an officer with the
Jacksonville Sheriff's Office,

and,

OFFICER A. RESIDOVIC
Individually and in his official
capacity as an officer with the
Jacksonville Sheriff's Office,

and,

SHERIFF T.K. WATERS,
CITY OF JACKSONVILLE, FLORIDA,
In his official capacity,

1

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Jaleel Everson (the "Plaintiff"), by and through his undersigned counsel, and by way of his Complaint seeks relief against the above-named Defendants as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Jaleel Everson, is an adult male who is a citizen of and resides in the City of Jacksonville, Duval County, Florida.  At all times relevant herein, Plaintiff resided within the Middle District of Florida, Jacksonville Division.

2.  Defendant Sgt. J.N. Shouse (#7903) was at all times relevant to this case a police officer with the Jacksonville Sheriff's Office.  Defendant Shouse is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

3.  Defendant Officer Feliz (#81173) was at all times relevant to this case a police officer with the Jacksonville Sheriff's Office.  Defendant Feliz is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

2

4. Defendant A. Residovic (#80877) was at all times relevant to this case a police officer with the Jacksonville Sheriff's Office. Defendant Residovic is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

5. Defendant Sheriff T.K. Waters was at all times relevant to this case the Sheriff of the City of Jacksonville and is being sued in his official capacity. Defendant Sheriff Waters is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case supervised officers of the Jacksonville Sheriff's Office acting under the color of law. In addition, at all times relevant herein, Defendant Waters is responsible for the training, supervision, discipline, control and conduct of officers of the Jacksonville Sheriff's Office ("JSO").

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.

7. The acts complained of herein occurred in Duval County, Florida. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

8. On or about February 19, 2023, between approximately 7 p.m. to 8 p.m.

Plaintiff Everson was traveling on Cassat Avenue in Jacksonville, Florida in route to Batt Family Fun Center in a rental vehicle to go bowling. Plaintiff Everson had rented the vehicle for a couple of days.

9. Plaintiff Everson was then pulled over in front of a Tire Depot store located at 1104 Cassat Avenue, Jacksonville, Florida (the "Tire Depot Location") by a JSO officer.

10. Plaintiff Everson had been pulled over by a JSO officer the night before, February 18, 2023, while operating the same vehicle, and was released after the stop with no citation.

11. Upon pulling over as directed at the Tire Depot Location, a JSO officer approached the driver's side door of his vehicle and told Plaintiff Everson that he was being stopped due to a headlight malfunction. However, within a short amount of time, approximately four (4) other JSO police cars pulled up to the traffic stop of Plaintiff Everson at the Tire Depot Location.

12. A JSO officer then directed Plaintiff Everson to roll his passenger window down, and Plaintiff Everson complied by rolling the window down.

13. Plaintiff Everson then advised the officer that he had firearms in the vehicle and that the vehicle was a rental.

14. The JSO officer on the driver's side then told Plaintiff Everson to step

out of the vehicle.

15. Once Plaintiff Everson exited the vehicle, a JSO officer moved to search Plaintiff Everson. Plaintiff Everson then stated to the officers present, including Defendants Shouse, Feliz, and Residovic, that he did not give consent to a search of his person or the rental vehicle he was driving. Nevertheless, the officer continued to search Plaintiff Everson and stated to him after being searched that he was to go stand on the nearby sidewalk where there stood other JSO officers, including Defendant Shouse.

16. Upon searching the rental vehicle, JSO officers located Plaintiff Everson's handgun in the glove box.

17. JSO officers then questioned Plaintiff Everson about having any other weapons in the vehicle, and Plaintiff Everson cooperated and advised that he had another firearm, a rifle, in the trunk of the vehicle.

18. The night prior to February 19, 2023, i.e., February 18, 2023, Plaintiff Everson had been pulled over by JSO officers near the same Tire Depot Location, and advised those officers of the firearms in the rental vehicle. Plaintiff Everson had his identification checked and was released from this stop by JSO officers.

19. On February 19, 2023, after the JSO officers located Plaintiff Everson's

rifle in the trunk of the vehicle, the JSO officers, including Defendant Shouse, stated to Plaintiff Everson that they were going to conduct a criminal investigation of Plaintiff Everson.

20.     While Plaintiff Everson stood on the sidewalk for approximately 15 to 20 minutes, an officer told Plaintiff Everson to walk towards the back of the JSO patrol vehicle and to place his hands behind his back.

21.     Plaintiff Everson then asked the officer why he was being arrested and the officer stated that Plaintiff was a "Confirmed Florida Convicted Felon," which Plaintiff Everson was not, in possession of a firearm.

22.     Plaintiff Everson then advised and stated to the JSO officers present, including Defendants Shouse, Feliz, and Residovic, that he was not a convicted felon and that they were making a mistake.

23.     Plaintiff Everson's protestations were not considered by the JSO officers present or Defendants Shouse, Feliz and Residovic, and in fear for his safety and the blatant violation of his rights, Plaintiff Everson started yelling for help. Thereafter, a number of JSO officers, including Defendants Feliz and Residovic, grabbed Plaintiff Everson around his shoulders, back and the back of his neck shoving Plaintiff Everson into one of the patrol vehicles.

24.     Defendants Feliz and Residovic forced Plaintiff Everson into the patrol

6

Vehicle while forcefully slamming Plaintiff Everson's head into the backseat. Plaintiff Everson then became very dizzy and started to cry, thinking that he was going to be killed. Plaintiff then had the patrol vehicle door closed on his head. Once secured in the back of the patrol vehicle, Plaintiff Everson stopped crying and realized that additional JSO patrol vehicles were on the scene. Plaintiff then recognized one of the officers present to be the same that took part in the February 18 traffic stop, where he was released after the traffic stop and background check by JSO. Upon seeing that previously-known officer, Plaintiff became hopeful he would be released. However, Plaintiff Everson was not released.

25. At all times relevant herein, Plaintiff Everson was exercising his constitutional right to deny a search and seizure of his property.

26. At all times relevant herein, Plaintiff Everson acted in a lawful manner and committed no acts that would give rise to actual or arguable probable cause for his arrest for an unlawful act.

27. Notwithstanding the denials of Plaintiff Everson of his alleged status as a prior felon and his denial of a search of his vehicle, Plaintiff Everson was arrested and attacked by JSO officers.

28. At all times relevant herein, Plaintiff did not commit any acts of

7

violence towards any of the Defendants or anyone else, nor did he threaten any Defendants or anyone else physically in any way.

29. Defendants had no probable cause or reasonable suspicion that Plaintiff had committed any crime at the time Plaintiff was arrested and attacked by Defendants Feliz and Residovic.

30. Each of the Defendants Shouse, Feliz and Residovic and other JSO officers were in close proximity to the beating of Plaintiff and failed to take any reasonable steps to protect Plaintiff from the unlawful arrest and use of excessive force by the said Defendants Feliz and Residovic.

31. Plaintiff Everson suffered physical injuries as a result of the attack upon him by Defendants Feliz and Residovic, including but not limited to: lacerations, bruising, head trauma, and other injuries.

32. At the end of the arrest and attack upon him, Plaintiff Everson was transported by JSO officers to the City of Jacksonville Pretrial Detention Facility ("PDF"), where he was incarcerated for a number of days.

33. At the PDF, after Plaintiff Everson was processed by being booked and fingerprinted, he was not initially allowed to get his prescription eyeglasses and he was denied a request to see a medical professional.

34. The next morning at Plaintiff Everson's first appearance in court,

Plaintiff Everson explained to the presiding judge about what happened and that he was not a convicted felon. On or about February 21, 2023, after further investigation by the state attorney and judge, Plaintiff Everson was released on his own recognizance from the PDF.

35. Any criminal charges against Plaintiff Everson relating to February 19, 2023, were ultimately dropped.

36. After release from the PDF, Plaintiff Everson sought emergency medical care and treatment for the physical injuries resulting from the acts set forth herein. Plaintiff Everson, however, was fired from his job as a truck driver as a result of the incidents set forth herein and had his personal property, i.e., firearms, not returned to him by JSO.

37. All conditions precedent to this action, if any, have been met for each claim brought in this Complaint, and each such claim is timely brought.

### COUNT ONE
**Violation of Fourth Amendment Protections**
**Pursuant to 42 U.S.C. §1983-Excessive Force**
**(Defendants Shouse, Feliz and Residovic)**

38. Plaintiff Everson incorporates by reference herein and realleges the allegations in Paragraphs 1 through 37 above as though set forth fully herein.

39. Plaintiff was arrested on February 19, 2023, without any probable cause

9

or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

40. While Plaintiff Everson was being unlawfully detained, Defendants Feliz and Residovic used excessive force against Plaintiff Everson by, including but not limited to: slamming Plaintiff Everson's head into the back seat of the JSO vehicle and subjecting Plaintiff Everson to other physical harm and abuse.

41. The use of force against Plaintiff Everson as set forth herein was excessive, unreasonable, and in violation of the Fourth Amendment of the United States Constitution.

42. Defendant Feliz, Residovic and Shouse as well as other JSO officers were in close proximity to Plaintiff Everson during the use of excessive and unreasonable force against Plaintiff Everson, and each Defendant as well as other JSO officers failed to take any reasonable steps to protect Plaintiff Everson from the use of excessive force.

43. The acts and omissions of the said Defendants were willful, wanton, reckless, intentional, conscious and malicious, and in deliberate disregard of Plaintiff Everson's constitutional rights.

44. As a direct and proximate result of said Defendants' actions, Plaintiff

Everson has suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, economic, compensatory, consequential and punitive damages against the individual Defendants.

## COUNT TWO
### Battery
### (Defendants Feliz and Residovic)

45.     Plaintiff Everson incorporates by reference herein and realleges the allegations in paragraphs 1 through 37 above as though set forth fully herein.

46.     While Plaintiff Everson was being unlawfully detained, Defendants Feliz and Residovic intentionally caused bodily harm to Plaintiff. Specifically, against Plaintiff's will, the Defendants Feliz and Residovic. used excessive force against Plaintiff Everson by, including but not limited to:  slamming Plaintiff Everson's head into back seat of the patrol car for no reason and subjecting Plaintiff to other physical harm and abuse.

47.     The acts and omissions of the Defendants Feliz and Residovic were willful, wanton, reckless, intentional, conscious and malicious, and in deliberate disregard of Plaintiff Everson's constitutional rights.

48.      As a direct and proximate result of the said Defendants' actions,

11

Defendants harmed Plaintiff. Plaintiff has suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, economic, compensatory, consequential and punitive damages against said Defendants.

### COUNT THREE
### Violation of First Amendment Free Speech
### Pursuant to 42 U.S.C. §1983
### (Defendants Shouse, Feliz and Residovic)

49.  Plaintiff Everson incorporates by reference herein and realleges the allegations in paragraphs 1 through 37 above as though set forth fully herein.

50.  The Free Speech Clause of the First Amendment to the U.S. Constitution provides that "Congress shall make no law ... abridging the freedom of speech." This provision applies fully to state and municipal governments, including Defendants, through the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

51.  The opportunity to state one's rights under the U.S. Constitution is a right guaranteed under the U.S. Constitution.

52.  The acts of the Defendants Shouse, Feliz and Residovic on February

19, 2023, as set forth herein, reflect a practice of limiting and deterring Plaintiff's free speech.

53. Plaintiff Everson's speech on February 19, 2023, in protesting and objecting to the search of his vehicle and his person, as well as objection to the allegation that he was a convicted felon, was a substantial or motivating factor and was a determinative consideration in the action by said Defendants in attacking and arresting Plaintiff Everson.

54. The Defendants Shouse, Feliz and Residovic were acting under color of the authority of the State of Florida when said Defendants interfered with the right of free speech by Plaintiff Everson on February 19, 2023.

55. Defendants Shouse, Feliz and Residovic's actions as set forth herein violated the clearly established rights of Plaintiff Everson of which reasonable persons in said Defendants' position should have known.

56. Defendants Shouse, Feliz and Residovic's actions against Plaintiff Everson in violation of Plaintiff Everson's First Amendment rights, were retaliatory.

57. Defendants Shouse, Feliz and Residovic's individual actions and omissions were willful, wanton, intentional, conscious and malicious and in deliberate disregard of Plaintiff Everson's First Amendment rights.

58. As a direct and proximate result of Defendants' actions, Plaintiff Everson has suffered and will continue to suffer damages.

### COUNT FOUR
**Violation of Fourth Amendment Protections
Pursuant to 42 U.S.C. §1983-False Arrest
(Defendants Shouse, Feliz and Residovic)**

59. Plaintiff incorporates by reference herein and realleges the allegations in paragraphs 1 through 37 above as though set forth fully herein.

60. Defendants Shouse, Feliz and Residovic arrested Plaintiff Everson without any probable cause or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

61. While Plaintiff Everson was being unlawfully detained, Defendants Feliz and Residovic used excessive force against Plaintiff Everson by slamming Plaintiff's head against a car seat, knocking him against the police cruiser door, and causing other injuries over and above what was necessary to place Plaintiff in the back of the cruiser.

62. The unconstitutional arrest of Plaintiff and excessive force in arresting by Defendants Shouse, Feliz and Residovic was willful, wanton, intentional, conscious and malicious and in deliberate disregard of Plaintiff Everson's constitutional rights.

63. As a direct and proximate result of said Defendants' actions, Plaintiff has suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, economic, compensatory, consequential and punitive damages against said Defendants.

### COUNT FIVE
### Negligence
### (Defendant Sheriff T.K. Waters)

64. Plaintiff Everson incorporates by reference herein and realleges the allegations in paragraphs 1 through 37 above as though set forth fully herein.

65. Plaintiff Everson was injured as a result of a wrongful and unjustified conduct of JSO officers under the direction and control of Defendant Sheriff Waters.

66. Defendant Waters had a duty to Plaintiff Everson to ensure the proper conduct and actions of JSO and the officers under Defendant Waters' direction and control. Defendant Waters, however, breached his duty to Plaintiff Everson and other citizens by allowing abusive and wrongful arrests and conduct of JSO and the officers under Defendant Waters' direction.

67. Plaintiff Everson was seriously injured and had his rights violated due to the negligence of Defendant Sheriff Waters.

68. As a direct and proximate result of Defendant Sheriff Waters'

actions, Plaintiff Everson has suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, economic, compensatory, and consequential damages against said Defendant Waters.

**WHEREFORE**, Plaintiff, Jaleel Everson, respectfully requests that this Honorable Court grant the following relief:

(1) Enter judgment on behalf of Plaintiff Everson against Defendants on all counts herein;

(2) Award Plaintiff Everson economic damages, jointly and severally against Defendants, suffered by Plaintiff Everson in amounts to be determined by the jury;

(3) Award Plaintiff Everson compensatory damages, jointly and severally against Defendants, in amounts to be determined by the jury;

(4) Award punitive damages against the individual Defendants as set forth herein;

(5) Award Plaintiff Everson reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest; and,

(6) Such other or further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff Everson hereby demands a jury trial on all claims in this Complaint.

Dated:  March 28, 2025                    Respectfully submitted,

                                                  HENRICHSEN LAW GROUP
301 W. Bay Street, Suite 1400
Jacksonville, Florida 32202
(904) 381-8183
Fax: (904) 212-2800

*/s/ Neil L. Henrichsen*
Neil L. Henrichsen
Fla. Bar No.: 0111503
nhenrichsen@hslawyers.com
service@hslawyers.com

Attorneys for Plaintiff