# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JALEEL EVERSON,

    Plaintiff,

vs.                           CASE NO.: 3:25-cv-339-WWB-SJH

J.N. SHOUSE, A. FELIZ, and
A. RESIDOVIC, sued in their
individual and official capacities, and
SHERIFF T.K. WATERS, CITY OF
JACKSONVILLE, sued in his
official capacity,

    Defendants.
_____/

## DEFENDANT SHERIFF T.K. WATERS, CITY OF JACKSONVILLE'S MOTION TO DISMISS

Defendant, SHERIFF T.K. WATERS, CITY OF JACKSONVILLE (the "City"),[1] pursuant to Rules 8(a)(2) and 12(b)(6), Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's Complaint [Doc. 1] against it and says:

---

[1] Plaintiff sues "SHERIFF T.K. WATERS, CITY OF JACKSONVILLE, FLORIDA" in his official capacity as Sheriff of Jacksonville Sheriff's Office for the Consolidated City of Jacksonville, Florida, and the Jacksonville Sheriff's Office ("JSO"). (Doc. 1, ¶ 5) A suit against a public official in his official capacity is treated as a suit against the local government entity he represents; in this case, the City of Jacksonville. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985); *Owens v. Fulton County*, 877 F.2d 947, 951 n. 5 (11th Cir. 1989). Accordingly, and for clarity, references herein to Sheriff Waters, the Jacksonville Sheriff's Office ("JSO"), and the City of Jacksonville (the "City") are one and the same unless otherwise noted and are used interchangeably as the context warrants.

Plaintiff's Complaint should be dismissed because the claims against the officers in their official capacities are claims against the City, and it fails to adequately plead that any purported constitutional violation was caused by action taken pursuant to a municipal policy or custom of the City. For these reasons, and those contained *infra*, Plaintiff's Complaint should be dismissed.

## MEMORANDUM OF LAW

### I.      Standard of Review

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover." *Jones v. Jenne*, No. 07-60839-CIV, 2008 WL 2323890 *1 (S.D. Fla., June 2, 2008). Nonetheless, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Fundamentally, a complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678*, citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

2

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." Twombly*, 550 U.S. at 555 (citations omitted). The court may not "accept as true a legal conclusion couched as a factual allegation." *Id*. at 555.

II. **Argument**

This action arises out of a traffic stop involving Plaintiff and the named JSO Officers on February 19, 2023. [Doc. 1, ¶¶ 8-9] During the stop, Plaintiff told the Officers that he had firearms in the vehicle and that it was a rental. *Id.*, at ¶ 13. Officers then located a handgun in the glovebox of the vehicle and a rifle in the truck. *Id.*, at ¶¶ 16-17. The Officers conducted a search and determined Plaintiff was a convicted felon, which was apparently a mistake. *Id.*, at ¶¶ 21-22. The Officers placed Plaintiff under arrest for Possession of a Firearm by a Convicted Felon, and he resisted their efforts to place him in the patrol vehicle which required the officer to use force. *Id.*, at ¶¶ 23-24. The charges against Plaintiff were eventually dropped. *Id.*, at ¶ 35.

Plaintiff brings the following actions against the Defendants: Count One – Violation of Fourth Amendment Protections Pursuant to 42 U.S.C. § 1983 against Shouse, Feliz, and Residovic; Count Two – Battery against Feliz and Residovic; Count Three – Violation of First Amendment Free Speech Pursuant to 42 U.S.C. § 1983 against Shouse, Feliz, and Residovic; Count Four – Violation of Fourth Amendment Protections Pursuant to 42 U.S.C. § 1983 – False Arrest against Shouse, Feliz, and Residovic; and Count Five – Negligence against Sheriff T.K.

Waters (the City of Jacksonville). This Motion pertains to the constitutional violations brought against the Officers in their official capacities (Counts One, Three, and Four).

### A. Plaintiff's Complaint Fails to Allege *Monell* Liability Against the Sheriff/City

Plaintiff's claims against the Officers in their official capacities are claims against the City of Jacksonville. *Stephens v. Geoghegan*, 702 So. 2d 517, 527 (Fla. 2d DCA 1997) ("A suit against a defendant in his official capacity is, in actuality, a suit against the governmental entity which employs him"); *De Armas v. Ross*, 680 So. 2d 1130, 1131-32 (Fla. 3d DCA 1996). [2]

In order to assert a claim against a municipality, Plaintiff must appropriately plead the standard required for municipal liability under 42 U.S.C. § 1983. A county or municipality may be liable in a Section 1983 action only where the municipality *itself* causes the constitutional violation at issue. *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1115 (11th Cir. 2005) (emphasis in original; citations omitted). In other words, the constitutional violation must have been caused by action taken pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978). A municipality cannot

---

[2] "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond).... *To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.*" [emphasis in original]. *De Armas v. Ross*, 680 So. 2d 1130, 1131-32 (Fla. 3d DCA 1996).

be liable solely as an employer because there is no *respondeat superior* theory of municipal liability in § 1983 actions. *Id*. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. Plaintiff must therefore establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. *Id.* at 693-694.

Similarly, to the extent Plaintiff seeks to assert a failure to train or ratification claim, the allegations are insufficient. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016); *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489–90 (11th Cir. 1997). To meet the deliberate indifference standard, the Plaintiff must produce evidence demonstrating that "the municipality knew of a need to train and/or supervise in a particular area and ... made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). As with any § 1983 claim against a municipality, "[a] plaintiff 'must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Cuesta v. Sch. Bd. of Miami-Dade County, Fla.*, 285 F.3d 962 (11th Cir. 2002) (internal quotations omitted). In the context of a failure-to-train claim, this causation element requires that "the identified deficiency in a [municipality's] training program must be closely related to the ultimate injury." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989).

"The Supreme Court has cautioned that the exception creating municipal liability under § 1983 for failure to train applies in only a very narrow range of circumstances, and a municipality's culpability 'is at its most tenuous where a claim turns on failure to train.'" *Mingo v. City of Mobile, Ala.*, 592 Fed. Appx. 793, 800 (11th Cir. 2014) (citing *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 398 (1997) and *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). In fact, the Supreme Court has provided only a single hypothetical situation, in dicta, which met the narrow constraints of § 1983 liability for a failure to train. *See City of Canton*, 489 U.S. at 390 n. 10.  The instant case does not equate to this theory.

Plaintiff has not alleged any facts supporting the plausible inference that the City was deliberately indifferent to the rights of its citizens, thereby warranting particular training, or that the City, by failing to take disciplinary action against individual officers, ratified a departmentwide custom of permitting excessive force. *See Hoefling*, 811 F.3d at 1279; *Sewell*, 117 F.3d at 489–90; *Fundiller*, 777 F.2d at 1443.  Likewise, Plaintiff's alleged facts do not allow for the plausible inference that based on this single incident "the need for training [was] 'so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Aracena*, 347 F. Supp. 3d at 1120–21 (quoting *City of Canton*, 489 U.S. at 390).  Plaintiff's allegations in the Complaint for constitutional claims against the Officers in their official capacities contain no allegations of *Monell* liability against the City.

6

Plaintiff failed to allege the existence of any particular custom or policy, much less one that caused the subject actions. As a result, Plaintiff fails to state a claim for constitutional violations against the Officers in their official capacities upon which relief can be granted and the Complaint should be dismissed.

### III.     Conclusion

For all the reasons set forth above, the Court should dismiss Plaintiff's Complaint.

### Certification of Compliance with Local Rule 3.01(g)

The undersigned conferred with counsel for Plaintiff via electronic mail on May 28, 2025, who advised he opposes the relief sought by this motion.

**WHEREFORE**, Defendants respectfully requests the Court enter an Order dismissing Plaintiff's Amended Complaint and granting it such other relief as the Court deems just.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

/s/ *Brett G. Mereness*
**BRETT G. MERENESS, ESQ.**
Lead Counsel: Local Rule 2.02(a)
Chief, Tort Department
Florida Bar No.: 98691
BrettM@coj.net; BOsburn@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-255-5073; 904-255-5120 (fax)
*Trial Counsel for Sheriff/City*

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*/s/ Brett G. Mereness*
Chief, Tort Department