UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JALEEL EVERSON,

        Plaintiff,

v.                              Case No.: 3:25-cv-00339-WWB-SJH

SGT. J.N. SHOUSE, et al.,

        Defendants.
_____/

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SHOUSE, FELIZ, AND RESIDOVIC

COME NOW, the Defendants, J.N. SHOUSE, A. FELIZ, and A. RESIDOVIC ("Officers"), by and through the undersigned attorney and file this Answer and Affirmative Defenses to the Complaint and demand for jury trial in the above-referenced case. The Officers deny all allegations not specifically admitted and would demand strict proof thereof at trial.

As to each numbered paragraph, the Officers state:

### Parties, Jurisdiction and Venue

1. Admitted for jurisdictional purposes; otherwise, denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted for jurisdictional purposes; otherwise, denied.

7. Admitted for venue purposes; otherwise, denied.

## Factual Allegations

8. Without knowledge; therefore, denied.

9. Without knowledge; therefore, denied.

10. Without knowledge; therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## Count One
### Violation of Fourth Amendment Protections
### Pursuant to 42 U.S.C. § 1983 – Excessive Force against
### Defendants Shouse, Feliz and Residovic

38. The Officers re-allege and incorporate by reference the previous answers to Plaintiff's 1-37, inclusive, as though fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## Count Two
### Battery Against Defendants Feliz and Residovic

45. The Officers re-allege and incorporate by reference the previous answers to Plaintiff's 1-37, inclusive, as though fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

4

## Count Three
### Violation of First Amendment Free Speech
### Pursuant to 42 U.S.C. § 1983 Against Defendants
### Shouse, Feliz and Residovic

49. The Officers re-allege and incorporate by reference the previous answers to Plaintiff's 1-37, inclusive, as though fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## Count Four
### Violation of Fourth Amendment Protections
### Pursuant to 42 U.S.C. § 1983 – False Arrest against Defendants
### Shouse, Feliz and Residovic

59. The Officers re-allege and incorporate by reference the previous answers to Plaintiff's 1-37, inclusive, as though fully set forth herein.

60. Denied.

5

61. Denied.

62. Denied.

63. Denied.

## Count Five
**Negligence against Defendant Sheriff T.K. Waters.**

64. – 68. This count does not assert a cause of action against the Officers; therefore, no response is required. To the extent the allegations are intended to pertain to the Officers, they are denied except where specifically admitted herein above.

## Prayer for Relief

69. Denied that Plaintiff is Entitled to any of the relief sought.

## Affirmative Defenses

70. The Officers were, at all times mentioned in Plaintiff's Complaint, appointed and acting officers of the City of Jacksonville and peace officers of the State of Florida, and that at all times herein mentioned, were engaged in the performance of their regularly assigned duties as police officers.

71. As a further and separate defense, the Officers allege that at all relevant times, they acted in good faith, without malice, and within the scope of their duties, and in a manner which they reasonably believed was

necessary and consistent with applicable law and are therefore entitled to immunity, pursuant to §768.28, Florida Statutes.

72.　As a further and separate defense, the Officers allege that pursuant to *Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982), they enjoy the defense of qualified immunity and are immune from liability because they acted within their discretionary authority in an objectively reasonable manner, in good faith, and entertained an honest, reasonable belief that their actions were necessary and did not violate clearly established law.

73.　As a further and separate defense, the Officers allege that the Complaint fails to state a cause of action against them.

74.　As a further and separate defense, the Officers allege that Plaintiff was actually guilty of felony and/or misdemeanor criminal offenses; thus, Plaintiff's damages, if any, are nominal only and should otherwise be reduced as a result.

75.　As a further and separate defense, the Officers allege that the incident and damages alleged in this action were caused or contributed to by the negligence of third parties for which the Officers are not legally responsible, and they are therefore entitled to an apportionment of fault.

76.　As a further and separate defense, the Officers allege that

Plaintiff failed to mitigate damages and, by his failure, has contributed to the extent of the injuries he claims and, accordingly, damages should be barred or reduced in proportion to said failure.

77. As a further and separate defense, the Officers allege that Plaintiff's asserted damages are the result of criminal acts, negligence, or carelessness of Plaintiff, and any such damages are barred and should be reduced by the doctrine of comparative negligence.

78. As a further and separate defense, the Officers allege that Plaintiff has received, or is entitled to receive, or may in the future receive, compensation for injuries and damages sustained from collateral sources and the Officers claim a setoff for said compensation.

79. The Officers adopt any defenses filed by a co-defendant that inures to their benefit.

## **Request For Jury Trial**

80. The Officers respectfully request a trial by jury on all issues triable.

Respectfully submitted,

**PAUL DARAGJATI PLC**

  /s/   Paul A. Daragjati
PAUL A. DARAGJATI, ESQ.
Florida Bar No. 713813
Georgia Bar No. 491830
paul@daragjatilaw.com
ROSE DARAGJATI SZIKSZAY, ESQ.
Florida Bar No. 1025106
rose@daragjatilaw.com
4745 Sutton Park Court
Suite 503
Jacksonville, FL 32224
Telephone: (904) 379-4117
Fax:          (904) 379-7108
*Counsel for Shouse, Feliz and Residovic*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide an electronic copy to all attorneys of record.

  */s/ Paul A. Daragjati*
  *Counsel for Shouse, Feliz and Residovic*

9